

FILED
CLERK, U.S. DISTRICT COURT
October 1, 2021
CENTRAL DISTRICT OF CALIFORNIA
BY: ___VPC___ DEPUTY

Jon J. Eardley, SB#132577
30025 Alicia Parkway, #309
Laguna Niguel, CA 92677
Phone Number (949-434-4943)
Email Address (jon.eardley@aol.com)
In Pro Per

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA—

SANTA ANA DIVISION

| | |
|---|---|
| IN RE MATTER OF JON JAY EARDLEY<br><br>─────────────────<br><br>STATE BAR OF CALIFORNIA,<br><br>　　vs.<br><br>JON JAY EARDLEY,<br><br>　　　　Respondent(s) | Case No.: 2:21-cv-07758-SB-AFM<br>(Tracking#:EDS-210929-000-1807)<br><br>State Case Number(s):<br>14-N-2737; 11-C-16445;<br>and as consolidated 08-O-10075<br><br>SUPPLEMENTAL NOTICE OF RELATED CASE<br><br>[28 U.S.C Sec. 1331;<br>Grable & Sons v. Darue Engineering, et al., 545 U.S. 308 (2005); and U.S. Const., Art.I, Sec. 8, Clause 18.] |

### INTRODUCTION

Attached herein are emails to Deborah J. Lewman, Courtroom Deputy to the Honorable David O. Carter, United States District Court Judge, Santa Ana Division. These emails are submitted consistent with the Notice of Related Case contained in the Civil Case Cover Sheet, previously filed herein.

SUPPLEMENTAL NOTICE OF RELATED CASE - 1

1
2         Respectfully submitted October____,
3         2021
4
5         _____
6         Jon J. Eardley, In Pro Per
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SUPPLEMENTAL NOTICE OF RELATED CASE - 2

**From:** jon.eardley@aol.com,
**To:** DOC_Chambers@cacd.uscourts.gov,
**Subject:** Re: forensic issues re case number
**Date:** Fri, Aug 27, 2021 12:08 pm
**Attachments:**

Dear Ms. Lewman,

Could you please update me on the status of this very important investigation?

Thank you.

Sincerely,

Jon J. Eardley

On Friday, September 7, 2018, 08:52:40 AM PDT, <doc_chambers@cacd.uscourts.gov> wrote:

Mr. Eardley,

Please provide a case number.

Thank you.



DEBORAH J. LEWMAN
COURTROOM DEPUTY TO THE HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
411 West Fourth Street Room 1-053
Santa Ana CA, 92701
Office: 714-338-4543
Email: deborah_lewman@cacd.uscourts.gov

From: jon.eardley@aol.com
To: DOC_Chambers@cacd.uscourts.gov
Date: 09/06/2018 05:49 PM
Subject: Fwd: forensic issues re case number

Dear Ms. Lewman:

I have been prejudiced by a procedural irregularity, related to a notice of removal, that I do not believe was handled properly by the clerk's office. An original case number was issued then subsequently eradicated inappropriately by the clerk's office. As an additional respondent under the law, I was entitled to join in the removal and to move to dismiss the underlying petition. Further, I was entitled to appellate review. All of this was improperly forfeited by the handling of this matter in the clerk's office.

Thank you.

Sincerely,

Jon J. Eardley

-----Original Message-----

From: jon.eardley <jon.eardley@aol.com>
To: records-sa_cacd <records-sa_cacd@cacd.uscourts.gov>
Sent: Thu, Sep 6, 2018 5:16 pm
Subject: forensic issues re case number

To The Clerk of the United States District Court, Santa Ana Division:

I am writing about a case wherein there was a case number originally given, but wherein it was improperly whited out by the clerk subsequent to its posting in the federal system. The matter was a notice of removal. The case title is In re Michelle Spirtos.

This is of great significance to me. Supplemental Jurisdiction is a common-law device that allows a court to resolve all claims between opposing parties in one forum. 28 U.S.C. § 1367 provides that a federal court hearing a federal claim can also hear substantially related state law claims, thereby encouraging efficiency by only having one trial at the federal level rather than one trial in federal court and another in state court. However, if the case is brought as a diversity action, generally, no supplemental jurisdiction is entertained if such claims would destroy complete diversity. Supplementary jurisdiction is discretionary and a federal court can choose whether or not to exercise it in a given case.

I have learned that the clerk originally assigned a USDC case number, but then subsequently whited the number out because he/she learned that a fee waiver had been requested. For some reason, the fee request was denied and the matter set aside within some oblivion.

This situation has caused me significant prejudice in that as a an additional respondent in that proceeding I was entitled to join in that proceeding within a reasonable period of time, and take any corrective measures necessary, with respect to the perfection of the removal and demand for dismissal of the underlying action. I was also entitled to exercise a right of appeal if necessary, however, it is my well taken opinion that the underlying petition would have been rather summarily dismissed.

Rule 77(d) has been amended to avoid such situations as the one arising in *Hill v. Hawes* (1944) 320 U.S. 520. In that case, an action instituted in the District Court for the District of Columbia, the clerk failed to give notice of the entry of a judgment for defendant as required by Rule 77(d). The time for taking an appeal then was 20 days under Rule 10 of the Court of Appeals (later enlarged by amendment to thirty days), and due to lack of notice of the entry of judgment the plaintiff failed to file his notice of appeal within the prescribed time. On this basis the trial court vacated the original judgment and then reentered it, whereupon notice of appeal was filed. The Court of Appeals dismissed the appeal as taken too late. The Supreme Court, however, held that although Rule 77(d) did not purport to attach any consequence to the clerk's failure to give notice as specified, the terms of the rule were such that the appellant was entitled to rely on it, and the trial court in such a case, in the exercise of a sound discretion, could vacate the former judgment and enter a new one, so that the appeal would be within the allowed time.

Because of Rule 6(c), which abolished the old rule that the expiration of the term ends a court's power over its judgment, the effect of the decision in *Hill v. Hawes* is to give the district court power, in its discretion and without time limit, and long after the term may have expired, to vacate a judgment and reenter it for the purpose of reviving the right of appeal. This seriously affects the finality of judgments. See also proposed Rule 6(c) and Note; proposed Rule 60(b) and Note; and proposed Rule 73(a) and Note. (emphasis added)

This is a very serious matter that will need to be investigated forensically, as well.

I do look forward to your anticipated courtesy and cooperation.

Very truly yours,


Jon J. Eardley